UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GUY EDWIN HOKANSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:08-CV-252 CAN |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On June 10, 2009, Plaintiff's counsel filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). On July 16, 2009, the Commissioner of Social Security ("Commissioner"), filed a response in opposition to this motion. On July 17, 2009, Plaintiff's counsel filed a reply in support of its motion. For the following reasons, Plaintiff's counsel's motion is **GRANTED**.

**I.** **PROCEDURAL BACKGROUND**

On August 26, 2004, Plaintiff, Guy Edwin Hokanson ("Hokanson"), filed an application for Disability Insurance Benefits, ("DIB"), under Title II of the Social Security Act. (Tr. 28, 71); See 42 U.S.C. §§ 416(i), 423(d). An Administrative Law Judge (ALJ) evaluated the facts and evidence in Hokanson's file in accordance with the sequential analysis proscribed by the agency. See 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920; Briscoe, 425 F.3d at 352. The ALJ afforded reduced weight to the opinions of Hokanson's treating physicians, claiming that "[they] have [not] indicated any limitations in the claimant's ability to function physically," and instead gave greater weight to the state agency reviewing physicians. (Tr. 34). The ALJ thus declined to

discuss the opinions of Dr. Sices, Dr. Ludwig, Dr. Beatty, Dr. Bankoff, and Dr. Graham. The ALJ further found Hokanson's testimony to be not fully credible. (Tr. 33). Consequently, the ALJ concluded that Hokanson was not disabled and could perform a range of light work, including past relevant work as a security guard, production assembler, or assistant manager. (Tr. 32, 35). On June 22, 2007, the ALJ denied Hokanson's claim. (Tr. 28, 36).

On, June 14, 2008, Hokanson filed a complaint in this Court seeking review of the ALJ's decision. On April 23, 2009, this Court issued an Opinion and Order that remanded this case back to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). This Court remanded this case for further consideration because it determined that the ALJ's decision not to afford controlling weight to Hokanson's treating physicians was not supported by substantial evidence. Additionally, this Court found that, because the ALJ failed to properly discuss the opinions of Hokanson's treating physicians, the ALJ's conclusion with regards to Hokanson's credibility and Hokanson's past relevant work were also not supported by substantial evidence.

Hokanson's counsel argues that the Commissioner was not substantially justified in relying on the ALJ's error. As a result, Hokanson's counsel filed a motion for attorney's fees on June 10, 2009 and a supplemental motion on July 17, 2009. This Court may enter an order and opinion in this matter based on the parties' consent and 28 U.S.C. § 636(c).

**II.    ANALYSIS**

Under 28 U.S.C. § 2412, "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency." A party seeking an award of fees must be a prevailing party, timely file a petition, request reasonable fees, and allege that the United States or agency was not substantially

justified. See 28 U.S.C. § 2412(d)(1)(B). The only issue before this Court is whether the Commissioner was substantially justified.

Attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct or her litigation position lacked substantial justification. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). A position can be justified even though it is not correct. Jackson v. Chater, 94 F.3d 274, 279 (7th Cir. 1996). To be substantially justified, the Commissioner's position must have a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Cunningham, 440 F.3d at 864. Alternatively, a position is substantially justified if reasonable persons could differ as to the appropriateness of the contested action. Pierce, 487 U.S. at 566; Stein v. Sullivan, 966 F.2d 317, 320 (7th Cir. 1992). The ALJ's decision is considered part of the Commissioner's pre-litigation conduct. Cunningham, 440 F.3d at 863-64. The Commissioner bears the burden of proving that his position was substantially justified. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004).

The 7th Circuit has addressed what constitutes substantial justification in some detail. On the one hand, the 7th Circuit found in Cunningham that the Social Security Administration ("SSA") was substantially justified in defending an ALJ decision where the ALJ simply failed to meet the articulation requirement. However, in Golembiewski the 7th Circuit found it was an abuse of discretion for the district court to find the SSA's position to be substantially justified when the ALJ had committed several errors such as failing to address key issues such as the claimant's credibility. This case, like most, falls within the vast spectrum between these two cases.

The Commissioner argues that it had a rational basis for believing that the ALJ's analysis should have been upheld because the ALJ discussed all opinion evidence that addressed Hokanson's specific functional capacity. Specifically, the Commissioner asserts that, if the ALJ reasonably concluded that certain evidence was objective medical evidence, rather than opinion evidence, then he was not required to discuss such evidence, citing Sims v. Barhart. 309 F.3d 424, 429 (7th Cir. 2002) ("The ALJ's failure to address these specific findings, however, does not render his decision unsupported by substantial evidence because an ALJ need not discuss every piece of evidence in his decision."). The Commissioner continues, asserting that the evidence which the ALJ failed to discuss in his opinion, specifically the treatment notes of Dr. Sices, Dr. Ludwig, Dr. Beatty, Dr. Bankoff, and Dr. Graham, constituted objective evidence rather than opinion evidence. As such, the Commissioner contends that the ALJ's decision not to discuss that evidence was justified. Based upon this theory, the Commissioner contends that the ALJ's decision to give the treating physician's opinion less weight was proper. Additionally, the Commissioner argues that the Commissioner's position regarding its support for the ALJ's credibility determination was also substantially justified, speculating that this Court would have upheld the ALJ's credibility evaluation had this Court determined that the ALJ had properly evaluated the medical opinion evidence.

While the Commissioner contends that the ALJ need not discuss every piece of evidence in his opinion, the ALJ must still provide some explanation as to why he discounted the treating physicians' opinion in favor of the state agency physicians. See Gudgel v. Barnhart, 345 F.3d 467, 470 (7th Cir. 2003). As such, despite the Commissioner's argument that the ALJ need not discuss the opinions of Dr. Sices, Dr. Ludwig, Dr. Beatty, Dr. Bankoff, and Dr. Graham, the ALJ

4

was required to evaluate every medical opinion received. 20 C.F.R. 404.1527(b)(2008). See also Jenkins v. Astrue, 544 F. Supp. 2d 736 (N.D. Ind. 2008). This Court specifically remanded this case because the ALJ made *no* attempt to discuss any of these opinions.

While there were several errors in Golembiewski, the 7th Circuit indicated that when an ALJ violates clear and longstanding judicial precedent and the SSA's own regulations, the Commissioner's position is not substantially justified. 382 F.3d at 724. The ALJ in this case committed this error. There is longstanding precedent that an ALJ is to give a treating physician's opinion controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence in the record. Hofslien v. Barnhart, 439 F.3d 375, 376 (7th Cir. 2006); Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000); 20 C.F.R. § 404.1527(d)(2); S.S.R. 96-8p; S.S.R. 96-2p. Additionally, regardless of how much weight the ALJ assigns to each physician, an ALJ must always address the claimant's treating physicians' opinions and explain the weight given to them before affording greater weight to that of a non-treating physician. See 20 C.F.R. § 404.1527(d)(2); Knight v. Chater, 55 F.3d 309, 313 (7th Cir. 1995). In the instant case, the ALJ failed to even minimally discuss the weight given to Hokanson's treating physicians' opinions or the reasons for deciding to given them less weight. Rather, the ALJ simply justified his reliance on the state agency physician's opinion with one conclusory statement that the state agency physician's opinion was not inconsistent with the record evidence. Not only did the ALJ fail to provide a proper analytical bridge from the evidence to his conclusion, but he also failed to point to any evidence to begin that bridge. Furthermore, although the Commissioner emphasizes the difference between objective medical evidence and opinion evidence as a reason for the ALJ's

5

decision to not address the additional evidence, the ALJ himself did not articulate this difference as a reason in his opinion. Rather, this is the Commissioner's attempt at a post-hoc rationalization of the ALJ's decision, and is, therefore, an unpersuasive justification for the ALJ's decision and the Commissioner's support of the ALJ's conclusions.

Additionally, in regards to Hokanson's credibility and past relevant work, the Commissioner improperly speculates as to what this Court's findings would have been had this Court concluded that the ALJ's analysis regarding the weight given to Hokanson's treating physician was substantially supported. This speculation is not a reasonable basis of law or fact to prove that the Commissioner's position was substantially justified.

In summary, because the ALJ failed to comport with well-established law in this Circuit, this Court cannot conclude that the Commissioner's position is substantially justified. Golembiewski, 382 F.3d at 724. Specifically, the ALJ disregarded established precedent of the treating physician rule, failing to even minimally discuss the weight given to Hokanson's treating physicians' opinions or the reasons for deciding to given them less weight. As such, the remainder of the ALJ's analysis, specifically regarding Hokanson's credibility and past relevant work, was also flawed.

### III. CONCLUSION

Because Hokanson has established he is the prevailing party and requested reasonable fees, Hokanson's motion is **GRANTED**. [Doc. No. 24]. The Commissioner is to pay the Plaintiff's attorney an award of attorney's fees in the amount of **$6,959.36**.

**SO ORDERED.**

Dated this 30th Day of July, 2009.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge